IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| GEORGANA BURNSED,<br>    Plaintiff,<br><br>              v.<br><br>PEACHTREE HOUSING COMMUNITIES II, LLC; PEACHTREE HOUSING COMMUNITIES MANAGER II, LLC; PEACHTREE HOUSING COMMUNITIES MANAGER SC, LLC; PEACHTREE HOUSING COMMUNITIES MANAGER, LLC; PEACHTREE HOUSING COMMUNITIES SC, LLC; PEACHTREE HOUSING COMMUNITIES, LLC; PEACHTREE HOUSING DEVELOPERS, LLC; PEACHTREE HOUSING LAND HOLDINGS II, LLC; PEACHTREE HOUSING MANAGER, LLC; MORROW REALTY CO., INC. OF ALABAMA; JOHN DOE 1; JOHN DOE 2; AND JOHN DOE 3,<br>    Defendants. | Civil Action No.<br>1:19-cv-02233-SDG |

**ORDER**

      This matter is before the Court on Plaintiff Georgana Burnsed's Motion to Remand [ECF 8] and Amended Motion to Remand [ECF 11];[1] Defendants

---

[1] Burnsed filed her initial Motion to Remand on July 15, 2019 [ECF 8]. She then filed an amended motion on July 16, 2019 [ECF 11]. The amended motion is substantively identical to the initial motion, but is accompanied by two exhibits [ECF 11]. For the purposes of this Order, the Court will only consider Burnsed's Amended Motion to Remand, and as such, her initial Motion to Remand [ECF 8] is **DENIED AS MOOT**.

Peachtree Housing Communities II, LLC; Peachtree Housing Communities Manager II, LLC; Peachtree Housing Communities Manager SC, LLC; Peachtree Housing Communities Manager LLC; Peachtree Housing Communities SC, LLC; Peachtree Housing Communities, LLC; Peachtree Housing Developers, LLC; Peachtree Housing Land Holdings II, LLC; and Peachtree Housing Manager, LLC's (the "Peachtree Defendants") Motion to Dismiss [ECF 5] and Motion to Strike Burnsed's opposition to the motion to dismiss [ECF 10]; and Defendant Morrow Realty Co. Inc. of Alabama's ("Morrow") Motion to Dismiss [ECF 3]. For the foregoing reasons, Burnsed's Motion to Remand [ECF 8] is **DENIED AS MOOT**; Burnsed's Amended Motion to Remand [ECF 11] is **DENIED**; the Peachtree Defendants' Motion to Dismiss [ECF 5] is **GRANTED;** the Peachtree Defendants' Motion to Strike [ECF 10] is **DENIED AS MOOT**; and Morrow's Motion to Dismiss [ECF 3] is **DENIED**.

**I.    BACKGROUND**

This case arises out of Burnsed's alleged slip-and-fall on March 9, 2017 at the Woodmill apartment complex located in Peachtree City, Georgia.[2] Burnsed alleges she was a tenant of the apartment complex at the time of her fall.[3] Burnsed

---

[2]    ECF 1-1, ¶ 17.

[3]    *Id.* ¶ 18.

also contends that any, or all, of Defendants owned, operated, leased, and/or possessed the apartment complex and failed to maintain the premises in a safe condition.[4]

On March 11, 2019, two years and two days after her alleged slip-and-fall, Burnsed filed a complaint in the State Court of Fayette County.[5] The Complaint asserts four causes of action premised on negligence and vicarious liability.[6] Burnsed seeks $75,067.33 in medical expenses, plus additional damages in lost wages and general damages.[7] All Defendants were served on April 17, 2019.[8] On May 13, 2019, the Peachtree Defendants timely answered and filed their motion to dismiss in the state court.[9] On May 16, 2019, Morrow timely filed its motion to dismiss in the state court.[10] That same day, Morrow timely removed the action to this Court.[11] In its Notice of Removal, Morrow asserted that this Court

---

[4] *Id.* ¶¶ 19–20.

[5] *Id.*

[6] *Id.* ¶¶ 24–46.

[7] *Id.* ¶¶ 34–36.

[8] *Id.* ¶¶ 63–98.

[9] ECF 5.

[10] ECF 3.

[11] ECF 1.

has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332.[12] Morrow argues there is complete diversity because it is an Alabama citizen and Burnsed is a citizen of Georgia.[13] Regarding the Peachtree Defendants, Morrow concedes that they are all Georgia citizens.[14] Morrow, however, argues each of the nine Peachtree Defendants was "improperly and/or fraudulently joined."[15]

## II.   MOTION TO REMAND

### A.  Legal Standard

"[W]hen an action is removed from state court, the district court first must determine whether it has original jurisdiction over the plaintiff's claims." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). Federal courts possess limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). District courts have original jurisdiction over all civil actions arising under the United States Constitution, as well as its laws and treaties (*i.e.*, federal question jurisdiction). 28 U.S.C. § 1331. In addition, district courts have diversity

---

[12]   *Id.* ¶¶ 5–10.

[13]   *Id.* ¶¶ 3–4.

[14]   *Id.* ¶ 12.

[15]   *Id.*

jurisdiction over civil actions where the amount in controversy exceeds $75,000 and there is complete diversity of citizenship between the parties. 28 U.S.C. § 1332.

Complete diversity does not exist "unless *each* defendant is a citizen of a different state from *each* plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) (emphasis in original). However, a defendant can properly remove an action where complete diversity does *not* exist *if* it can show that the non-diverse defendant was fraudulently joined. *Henderson v. Washington Nat. Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006). The doctrine of fraudulent joinder applies "[w]hen a plaintiff names a non-diverse defendant solely in order to defeat federal diversity jurisdiction." *Id.* When this occurs, "the district court must ignore the presence of the non-diverse defendant and deny any motion to remand the matter back to state court." *Id.*

The removing party bears the "heavy burden" of establishing fraudulent joinder. *Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1332 (11th Cir. 2011). It must prove "by clear and convincing evidence that either: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court." *Id.* (*citing Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997)). "The determination of whether a resident defendant has been fraudulently joined

must be based upon the plaintiff's pleadings at the time of removal, supplemented by any affidavits and deposition transcripts submitted by the parties." *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998).

While the standard of review is "*similar* to that used for ruling on a motion for summary judgment" because the Court can examine evidence beyond the pleadings, it is not the same:

> When considering a motion for remand, federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law. If there is even a possibility that a state court could find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court.

*Crowe*, 113 F.3d at 1538. Further, "the district court must evaluate factual allegations in the light most favorable to the plaintiff and resolve any uncertainties about the applicable law in the plaintiff's favor." *Pacheco de Perez*, 139 F.3d at 1380. All questions of fact must be resolved in plaintiff's favor. *Legg v. Wyeth,* 428 F.3d 1317, 1323 (11th Cir. 2005). However, "there must be some question of fact before the district court can resolve that fact in the plaintiff's favor." *Id*. In other words, when a defendant presents affidavits or deposition transcripts that are undisputed by the plaintiff, "the court cannot then resolve the facts in the [p]laintiff['s] favor based solely on the unsupported allegations in the [p]laintiff['s] complaint." *Id*.

Rather, the plaintiff generally must come forward with some evidence to dispute the sworn testimony submitted by the defendant in order to support remand. *Shannon v. Albertelli Firm, P.C.*, 610 F. App'x 866, 871 (11th Cir. 2015) (*citing Legg*, 428 F.3d at 1323–25). In fact, a court can abuse its discretion by failing to consider sworn testimony by either party when resolving a question of fraudulent joinder. *Id.*

### B. Analysis

Morrow argues it meets the first test for fraudulent joinder—that Burnsed cannot possibly maintain a cause of action against the Peachtree Defendants.[16] Morrow contends they "are not proper Defendants because they had nothing to do with the Premises" and "were added as a party in this matter for the sole purpose of avoiding the jurisdiction of this Court."[17] Accordingly, Morrow asserts complete diversity exists as between itself and Burnsed, and removal was proper, because the Peachtree Defendants "were improperly and/or fraudulently joined in this matter."[18] In support, Morrow points to the affidavit of Joshua Thomason,

---

[16]   ECF 15, at 5–7.

[17]   ECF 1, ¶¶ 6–7.

[18]   *Id.* ¶ 8.

the Peachtree Defendants' registered agent.[19] Thomason avers that none of the Peachtree Defendants "have had any connection or association (ownership or otherwise) with [the Woodmill apartment complex] or with the owner or manager of such premises where the alleged fall giving rise to this action took place."[20]

Burnsed, on the other hand, argues remand is appropriate because Morrow "cannot demonstrate with any proper evidence whatsoever that [Burnsed] named a non-diverse defendant solely in order to defeat federal diversity jurisdiction."[21] But, Burnsed does not dispute that Morrow owns, operates, and is responsible for the Woodsmill apartment complex.[22] Nor does she present any evidence that the Peachtree Defendants own, or are in any way affiliated with, the complex. Finally, Burnsed does not allege she has any potential claim against any of the Peachtree Defendants other than the speculation in the Complaint that perhaps one of them was responsible for the Woodmill apartment complex at the time of her fall.[23]

---

19   ECF 5, at 7.

20   *Id.*

21   ECF 11-1, at 6.

22   ECF 7, at 2 ("After Plaintiff reviewed public property records, through her counsel, Plaintiff learned that the property owner was named "Peachtree Housing LTD.")]. The Court notes that, while Burnsed's response to the Peachtree Defendants' Motion to Dismiss is untimely, it will nonetheless consider the response for purposes of this Order.

23   ECF 1-1, ¶¶ 19 ("On and before March 9, 2017, the Premises was own [sic],

Moreover, Burnsed does not submit any evidence calling into question Thomason's sworn affidavit. Indeed, she expressly states that she "does not dispute the facts as described in [the Peachtree] Defendants' Motion," including those in Thomason's affidavit.[24] The only evidence submitted by Burnsed in support of remand is purported property tax information for the Woodsmill apartment complex supplied from Fayette County.[25] Morrow argues against the Court's consideration of this document based on its lack of authenticity and inadmissibility.[26]

---

operated, leased and/or possessed by any, or all, of the Defendants.").

[24] ECF 7, at 1.

[25] ECF 11, Ex. A.

[26] Federal Rule of Evidence 901 requires a proponent to authenticate a document attached to a motion by producing "evidence sufficient to support a finding that the item is what the proponent claims it is." It is dubious that Burnsed's submission of an unauthenticated document from an unknown website is sufficient to satisfy this standard. However, a district court may take judicial notice of public records published by governmental agencies. *Beckley v. City of Atlanta, Ga.*, No. 1:16-cv-1435-MHC, 2017 WL 6460300, at *4 (N.D. Ga. Oct. 18, 2017) (*citing Universal Express, Inc. v. U.S. S.E.C.*, 177 F. App'x. 52, 53 (11th Cir. 2006) ("Public records are among the permissible facts that a district court may consider.")); *Henderson v. Sun Pharm. Indus., Ltd.*, 809 F. Supp. 2d 1373, 1379 n.4 (N.D. Ga. 2011) ("The Court is permitted to take judicial notice of documents made publicly available by a government entity."). Given that Burnsed's exhibit does not contradict, but actually supports, Morrow's fraudulent joinder argument, the Court need not rule on Morrow's objections at this juncture.

Regardless, the purported property tax information directly undermines Burnsed's argument and supports Morrow's position, as it clearly lists "**Peachtree Housing, Ltd.**, c/o **The Morrow Co.**, P.O. Box 020168, **Tuscaloosa, AL** 35402-0887" as the owner of the Woodsmill apartment complex.[27] The document does not reference any of the Peachtree Defendants or suggest that Woodsmill is owned, operated, or managed by any entity other than Morrow.[28] At best, Burnsed's argument and submissions to the Court indicate she sued the nine Peachtree Defendants simply because their names began with the phrase "Peachtree Housing." While Burnsed claims "no productive discovery efforts have been accomplished" and she "has no other reliable information" regarding the Peachtree Defendants, no further discovery or information is needed for determining whether this case must be remanded. Morrow admits it owned and operated the Woodsmill apartment complex at the relevant time and is the proper defendant.[29] The Thomason affidavit shows that the Peachtree Defendants have

---

[27]   ECF 11, Ex. A (emphasis added).

[28]   *Id.*

[29]   ECF 1, ¶ 5; ECF 15, at 4–7.

no connection to this property or underlying dispute.[30] Burnsed has failed to present any contrary evidence.

Accordingly, Morrow has carried its heavy burden of establishing fraudulent joinder by demonstrating that there is no possibility a state court could find the complaint states a cause of action against any of the Peachtree Defendants. *Stillwell*, 663 F.3d at 1332; *Crowe*, 113 F.3d at 1538.

While not raised by Burnsed, 28 U.S.C. § 1441(a) requires that "[a]ll named defendants . . . consent to or join the petition for removal" within the thirty-day time limit mandated by 28 U.S.C. § 1446(b). *Holder v. City of Atl.*, 925 F. Supp. 783, 785 (N.D. Ga. 1996). The lack of unanimous consent among the defendants generally requires remand to the state court. *Id.* at 786. Moreover, such consent must be express: "A defendant's answer that is silent on whether the defendant consents to removal does not constitute proper consent." *Id.* (*citing Clyde v. Nat'l Data Corp.*, 609 F. Supp. 216, 218 (N.D. Ga. 1985)). Here, Morrow's Notice of Removal is wholly silent as to whether the Peachtree Defendants consented to removal.[31] However, while the Eleventh Circuit has not squarely addressed this issue, district courts in the Circuit have held that unanimous "consent to removal

---

30   ECF 5, at 6–8.

31   ECF 1.

is not necessary where there is fraudulent joinder." *Henry v. Mortg. Elec. Registration Sys., Inc.*, No. 1:11-cv-04151-SCJ, 2012 WL 12835792, at *3 (N.D. Ga. July 31, 2012) (*citing Diaz v. Kaplan Univ.*, 567 F. Supp. 2d 1394, 1402 (S.D. Fla. 2008)). *See also McNear v. Wells Fargo Bank, N.A.*, No. 3:14-cv-00195-TCB-RGV, 2015 WL 11571039, at *6 (N.D. Ga. May 11, 2015), *report and recommendation adopted*, No. 3:14-cv-195-TCB-RGV, 2015 WL 12086096 (N.D. Ga. June 17, 2015), *aff'd*, 651 F. App'x 928 (11th Cir. 2016); *Williams v. Atl. Coast Line R.R. Co.*, 294 F. Supp. 815, 816 (S.D. Ga. 1968). Thus, the Court will not remand this action based on a lack of expressed unanimous consent to the removal.

Burnsed's Amended Motion to Remand [ECF 11] is **DENIED**. For the same reasons, the Peachtree Defendants' Motion to Dismiss [ECF 5] is **GRANTED**. The Peachtree Defendants' Motion to Strike [ECF 10] is **DENIED AS MOOT**. The claims against the Peachtree Defendants are dismissed without prejudice. Since Burnsed is a Georgia citizen and Morrow an Alabama citizen, complete diversity of citizenship exists and the Court has subject matter jurisdiction over the remainder of the action.

### III.  MORROW'S MOTION TO DISMISS

Morrow argues it is entitled to dismissal based on the expiration of the statute of limitations under Federal Rule of Civil Procedure 12(b)(6).[32] "A motion to dismiss for failure to state a claim upon which relief can be granted is an appropriate method of raising the statute of limitations defense." *Osterneck v. E. T. Barwick Indus. Inc.*, 79 F.R.D. 47, 53 (N.D. Ga. 1978). However, a claim should be dismissed "only if it is apparent from the face of the complaint that the claim is time-barred" and "only if it appears beyond a doubt that a plaintiff can prove no set of facts that toll the statute." *Sec'y of Labor v. Labbe*, 319 F. App'x 761, 764 (11th Cir. 2008).

O.C.G.A. § 9-3-33 sets out the statute of limitation for personal injury claims: "[A]ctions for injuries to the person shall be brought within two years after the right of action accrues." Pursuant to O.C.G.A. § 1-3-1(d)(3):

---

[32] ECF 3, at 1. Burnsed failed to file an opposition to Morrow's motion to dismiss, although she did file one (albeit untimely) to the Peachtree Defendants' motion to dismiss [ECF 7]. When a plaintiff fails to offer any response to a motion to dismiss, the Court possesses the discretion to dismiss the action solely on that basis. *Magluta v. Samples*, 162 F.3d 662, 664–65 (11th Cir. 1998). The Court will utilize its discretion to address the merits of Morrow's motion to dismiss rather than treating the motion as unopposed (which it clearly is not), but Burnsed is cautioned that future instances of failing to timely comply with the Federal Rules and Local Rules of this Court may have consequences.

> Except as otherwise provided by time period computations specifically applying to other laws, when a period of time measured in days, weeks, months, years, or other measurements of time except hours is prescribed for the exercise of any privilege or the discharge of any duty, the first day shall not be counted but the last day shall be counted; and, if the last day falls on Saturday or Sunday, the party having such privilege or duty shall have through the following Monday to exercise the privilege or to discharge the duty.

Under Georgia law, O.C.G.A. § 1-3-1(d)(3) applies to the time permitted by the statute of limitation to assert a personal injury action. *See Gullatt v. Omega Psi Phi Fraternity, Inc.*, 248 Ga. App. 779, 779 (2001).

Burnsed's alleged slip-and-fall occurred on March 9, 2017.[33] Although the two-year limitations period expired on March 9, 2019, Burnsed filed her Complaint two days later on March 11, 2019.[34] Since March 9, 2019 fell on a Saturday and the Complaint was filed the following Monday, Burnsed's Complaint is considered timely filed under O.C.G.A. § 1-3-1(d)(3).[35] Nonetheless, Morrow argues for

---

[33] ECF 1, ¶¶ 20–22.

[34] *See generally id.*

[35] ECF 11, at 2. The Court takes judicial notice of the fact that March 9, 2019 fell on a Saturday. *Shahar v. Bowers*, 120 F.3d 211, 214 (11th Cir. 1997) ("Courts can take notice of certain facts without formal proof but only where the fact in question is one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.") (*citing* Fed. R. Evid. 201(b)).

dismissal because Burnsed allegedly failed to properly serve it "within five days or with the greatest possible diligence" as required by Georgia courts to toll the statute of limitation.[36]

The first step in the analysis is to ascertain whether federal or Georgia law applies to this issue under *Erie Railroad Co. v. Thompkins*, 304 U.S. 64 (1938). Under *Erie*, a federal court in a diversity action must apply the controlling substantive law of the state. *Cambridge Mut. Fire Ins. Co. v. City of Claxton, Ga.*, 720 F.2d 1230, 1232 (11th Cir. 1983). "In a diversity action, state law statutes of limitations and commencement of actions rules are considered substantive rules and are applicable in federal court." *Roberts v. Jones*, 390 F. Supp. 2d 1333, 1334 (M.D. Ga. 2005) (*citing Guaranty Trust Co. v. York*, 326 U.S. 99, 112 (1945) (holding that state statutes of limitation are substantive laws and must be followed by federal courts in diversity actions)). *See also Walker v. Armco Steel Corp.*, 446 U.S. 740, 751 (1980) (state statutes of limitations are substantive laws); *Cambridge Mutual Fire Ins. Co.*, 720 F.2d at 1232–34 (same). Accordingly, Georgia state law controls the question of whether Burnsed's service relates back to the date that the suit was originally filed for purposes of the statute of limitation.

---

[36]   ECF 3, at 5.

"Georgia law, like federal law, states that an action is commenced with the filing of the complaint with the court." *Roberts*, 390 F. Supp. 2d at 1334–35 (*citing* O.C.G.A. § 9–11–3; Fed. R. Civ. P. 3). Georgia courts are clear that "that the mere filing of a lawsuit does not toll the statute of limitation." *See e.g.*, *Crane v. Lazaro*, 281 Ga. App. 127, 128 (2006); *McCabe v. Garrett*, 211 Ga. App. 848, 848 (1994); *Nee v. Dixon*, 199 Ga. App. 729, 730 (1991). "[I]nstead, the plaintiff must file the complaint and effect proper timely service as required by law." *Crane*, 281 Ga. App. at 128. In resolving an identical issue under Georgia law, this Court has held that:

> There are essentially three rules governing service of process in cases where the statute of limitations has expired. First, if service is made within five days after the statute expires, service will relate back to the timely filing. Second, when a complaint is filed within the applicable statute of limitation, but service is not perfected within five days or within the period of limitation, the service relates back to the original filing only if the plaintiff shows that he acted in a reasonable and diligent manner in attempting to ensure that a proper service was made as quickly as possible. In this situation, the burden is on the plaintiff to show both that due diligence was exercised and that the plaintiff bore no fault as to the delay in effecting service. Third, where the plaintiff is put on notice that service may be defective, a plaintiff is, from that point forward, obligated to exercise not due diligence, but the greatest possible diligence to ensure proper and timely service.

*Sloan v. Fulton-DeKalb Hosp. Auth.*, No. 1:05-cv-1892-RWS, 2006 WL 8432841, at *3 (N.D. Ga. Sept. 6, 2006), *aff'd,* 226 F. App'x 954 (11th Cir. 2007) (internal citations and punctuations omitted).

Regarding the second rule, if a plaintiff "acted in a reasonably diligent manner" in attempting to effectuate service, then she should not be barred by the doctrine of laches. *Ingram v. Grose*, 180 Ga. App. 647, 647 (1986). *See also Childs v. Catlin*, 134 Ga. App. 778, 781 (1975) ("There . . . will be situations where despite all the diligence of the plaintiff, service cannot be obtained within 5 days and before the expiration of the statute of limitation. A reasonable rule must be that in such case the trial judge should look at all the facts involved and ascertain whether the plaintiff was in any way guilty of laches."). "The determination of whether the plaintiff was guilty of laches in failing to exercise due diligence in perfecting service after the running of the statute of limitations is a matter within the trial court's discretion." *Ingram*, 180 Ga. App. at 647.

The Court finds that Burnsed acted in a reasonably diligent manner as to preclude dismissal of this action with prejudice. After filing her Complaint, Burnsed immediately filed a motion with the state court for the appointment of a

special process server.[37] The state court granted Burnsed's motion on April 16, 2019, and Morrow was served the next day, on April 17, 2019—37 days after Burnsed filed the Complaint.

Morrow contends this delay was unreasonable. It argues Burnsed could have easily located Morrow, through its registered agent for service, or utilized other available methods to more quickly serve Morrow.[38] To be sure, Burnsed could have (and perhaps should have) acted more diligently considering that the statute of limitations had already lapsed. However, Morrow does not contend that it has suffered any undue prejudice resulting from the intervening 37 days between the filing of the Complaint and service. Moreover, the record belies any suggestion that Burnsed sat on her hands, as she immediately filed a motion for a special process server and Morrow was promptly served as soon as the state court granted that request. Burnsed's chosen method of effectuating service on Morrow was not patently unreasonable.

The Court will exercise its discretion and deny dismissal of Burnsed's complaint on delayed service grounds. *See Channel v. Smith*, No. CV 317-060, 2018 WL 1463356, at *4 (S.D. Ga. Mar. 23, 2018) (denying motion to dismiss although

---

[37] ECF 14, at 3.

[38] ECF 3-1, at 7.

service was perfected months after expiration of statute of limitations because "[p]laintiff did all that was required of him when he supplied the sheriff's office with the correct service address for [defendants] with the filing of the complaint."); *Richardson v. Greyhound Lines, Inc.*, No. 1:14-cv-02917-SCJ, 2014 WL 12489759, at *2 (N.D. Ga. Nov. 24, 2014) (denying motion to dismiss although defendant was served two weeks after expiration of statute of limitations because "[p]laintiff did not demonstrate any lack of diligence such that her case should be dismissed for failure to file the action within the statute of limitations").

## IV.   CONCLUSION

Burnsed's Motion to Remand [ECF 8] is **DENIED AS MOOT**; Burnsed's Amended Motion to Remand [ECF 11] is **DENIED**; the Peachtree Defendants' Motion to Dismiss [ECF 5] is **GRANTED**. The Peachtree Defendants' Motion to Strike [ECF 10] is **DENIED AS MOOT**; and Morrow's Motion to Dismiss [ECF 3] is **DENIED**.

Morrow shall file its answer to the Complaint within 21 days from entry of this Order. The parties shall conduct their Rule 26(f) conference within 14 days from the date Morrow files its answer. The parties shall serve their initial disclosures and submit a Joint Preliminary Report and Discovery Plan within 30

days from the date Morrow files its answer. Discovery will commence 30 days after Morrow files its answer.

**SO ORDERED** this the 28th day of January 2020.

_____
Steven D. Grimberg
United States District Court Judge